FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUNSHINE MENDOZA, o/b/o J.J.M., a minor child,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | No. 4:16-CV-05151-EFS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SUMMARY JUDGMENT MOTION AND DENYING DEFENDANT'S SUMMARY JUDGMENT MOTION**<br><br>**CLERK'S OFFICE ACTION REQUIRED** |

Before the Court are the parties' cross motions for summary judgment, ECF Nos. 13 & 22. Plaintiff J.J.M. appeals a denial of benefits by the Administrative Law Judge (ALJ).[1] The Commissioner of Social Security (Commissioner) asks the Court to affirm the ALJ's decision finding Plaintiff not disabled. ECF No. 22.

After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's Motion for Summary Judgment, denies Defendant's Motion for Summary Judgment, and remands this case to the ALJ for additional proceedings.

/

---

[1] Sunshine Mendoza is seeking benefits on behalf of her minor child, J.J.M. In this Order, the Court refers to J.J.M. as "Plaintiff."

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

## I. PROCEDURAL HISTORY[2]

Plaintiff was born on November 3, 2008. Administrative Record (AR) 177. On March 29, 2012, Plaintiff's mother protectively filed an application for supplemental security income on Plaintiff's behalf, alleging that he was disabled due to being born without a left ear and having speech problems, with an onset date of November 3, 2008. AR 177, 183. The application was denied initially and upon reconsideration, and Plaintiff requested a hearing. AR 105, 111, 116.

After a hearing before Administrative Law Judge (ALJ) Moira Ausems on October 20, 2014, the ALJ published a decision denying Plaintiff's disability claim. AR 42, 48. On September 16, 2016, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision as final agency action for the purposes of judicial review. AR 1. On November 17, 2016, Plaintiff filed this lawsuit, appealing the ALJ's decision. ECF No. 1. The parties subsequently filed the instant summary judgment motions. ECF Nos. 13 & 21.

## II. THREE-STEP PROCESS FOR CHILD DISABILITY

A child under the age of 18 is disabled within the meaning of the Social Security Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i); *see also* 20 C.F.R. § 416.906. The regulations provide a three-step process to

---

[2] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, the parties' briefs, and the underlying records.

determine whether a claimant satisfies this criteria. 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." 20 C.F.R. § 416.924(c). Third, if the ALJ finds a severe impairment, the ALJ must then consider whether the impairment either "medically equals" or "functionally equals" a listed disability. 20 C.F.R. § 416.924(c), (d).

At the third step, if the ALJ finds that the child's impairment or combination of impairments does not meet or medically equal a listing, the ALJ must still determine whether the impairment or combination of impairments functionally equals a listing. 20 C.F.R. § 416.926a(a). The ALJ's functional equivalence assessment requires the ALJ to evaluate the child's functioning in six "domains." These six domains are designed "to capture all of what a child can or cannot do," and are as follows:

(1) Acquiring and using information;

(2) Attending and completing tasks;

(3) Interacting and relating with others;

(4) Moving about and manipulating objects;

(5) Caring for self; and

(6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi).

A child's impairment will be deemed to functionally equal a listed impairment if his condition results in "marked" limitations in at least

two domains, or an "extreme" limitation in at least one domain. 20 C.F.R. § 416.926a(a). A "marked limitation" is present in a domain if the child's impairment "interferes seriously with [his] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [his] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

### III. ALJ'S DECISION

At the first step in this case, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since applying for disability. AR 26. At the second step, the ALJ found that Plaintiff "has the following severe impairments: left ear conductive hearing loss; congenital absence of left ear due to grade 3 microtia with complete canal atresia; and speech and language delays." AR 26. And, at the third step, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments," not did any impairments "functionally equal" the severity of a listed impairment. AR 27–28. Accordingly, the ALJ found that Plaintiff was not disabled for the purposes of the Social Security Act. AR 42.

While considering Plaintiff's disability claim, the ALJ considered evidence in the record, including objective medical evidence, medical opinions of evaluating and treating physicians, and the testimony of Sunshine Mendoza, Plaintiff's mother. *See* AR 29. The ALJ found that although Plaintiff suffered from medically determinable

impairments that could reasonably be expected to produce the alleged symptoms, Ms. Mendoza's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ." AR 29. The ALJ also gave "little weight" to the opinion of Dr. Michael Olds, Plaintiff's treating physician and otologist, because he "did not give more than a cursory explanation for a couple of findings and omitted explanations of others." AR 33.

However, the ALJ gave "substantial weight," to the opinions of Social Security Administration (SSA) reviewing physicians because their "findings are consistent with subsequent medical records and non-medical evidence." AR 28, 30–32. The ALJ came to a similar conclusion as the SSA evaluators for the six functional-equivalence domains, finding that Plaintiff has (1) a less than marked limitation in acquiring and using information; (2) a less than marked limitation in attending and completing tasks; (3) a marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) a less than marked limitation in caring for self; and (6) a less than marked limitation in health and physical well-being. AR 34–42.

## IV. STANDARD OF REVIEW

This Court will reverse an ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

It is the role of the ALJ, not this Court, to weigh conflicting evidence and make credibility assessments. If the evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Court will also uphold "such inferences and conclusions as the [ALJ] may reasonably draw from the evidence." *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). However, if the ALJ applied an incorrect legal standard in weighing the evidence and arriving at his decision, the Court will reverse unless the error was harmless. *See Molina*, 674 F.3d at 1111.

## V. **ANALYSIS**

Plaintiff seeks judicial review of the Commissioner's final decision denying him benefits. He contends that the ALJ reversibly erred by (A) failing to obtain an appropriate specialist assessment; (B) improperly weighing the evidence; and (C) improperly assessing the functional equivalence domains. *See* ECF No. 11.

**A. Case review by a qualified specialist**

Section 1382c(a)(3)(I) of the Social Security Act provides:

> In making any determination under this title . . . with respect to the disability of an individual who has not attained the age of 18 years . . . the Commissioner of Social Security shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as determined by the Commissioner of Social Security) evaluates the case of such individual.

42 U.S.C. § 1382c(a)(3)(I).

The Court of Appeals for the Ninth Circuit has interpreted this provision to mean that "the ALJ is required to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014 (9th Cir. 2003).

After the Ninth Circuit decided *Howard ex Rel. Wolff*, the Social Security Administration issued Social Security Acquiescence Ruling 04-01(9) in response, which included the following:

> To satisfy this requirement, the ALJ or AAJ may rely on [a] case evaluation made by a State agency medical or psychological consultant that is already in the record, or the ALJ or AAJ may rely on the testimony of a medical expert. When the ALJ relies on the case evaluation made by a State agency medical or psychological consultant, *the record must include the evidence of the qualifications of the State agency medical or psychological consultant*. In any case, the ALJ or AAJ must ensure that the decision explains how the State agency medical or psychological consultant's evaluation was considered.

AR 04-1(9) at *3, 2004 WL 5846720, 69 FR 22578-03 (S.S.A. Apr. 26, 2004) (emphasis added).

Here, the hearing testimony of psychiatrist Joseph Cools, Ph.D., does not constitute a case evaluation from an individual who "specializes in the field of medicine appropriate to the disability of the individual." 42 U.S.C. § 1382c(a)(3)(I). Dr. Cools repeatedly expressed that he was unable to render an opinion as to most of the record because it was "outside of [his] area of expertise." AR 59. He commented that he looked "at the record the same as [the ALJ] and counsel" because he did not "have the expertise to really tease out the grave impairments" and that "it's really not my area." AR 60-61. While

Dr. Cools noted that the record did not indicate Plaintiff had a severe psychological pathology, he said that "it would really take a pediatrician or a speech pathologist to say whether or not" Plaintiff had any marked limitations in functional-equivalence domains 1 and 2. AR 60-61. Even the ALJ commented at the hearing that she was covering a docket for another ALJ, and that she was "not really sure" why a clinical psychologist was called as an expert witness. She suggested that she might conduct interrogatories with an audiologist or other specialist after the hearing but never did so. AR 62.

Instead, the ALJ relied on three case evaluations from Social Security Administration evaluators: Dr. Christy Ulleland, who prepared a report on June 26, 2012, *see* AR 90; Dr. Nevine Makari, who prepared a report on January 28, 2013, *see* AR 101; and Dr. William Lysak, who prepared a report for Plaintiff's previous disability claim on May 10, 2010, *see* AR 268. AR 28, 30-32. Each report includes a notation of "M.D." or "Ph.D." next to the evaluator's name, but no other evidence of their qualifications exists in the record. The fact that these doctors were Social Security evaluators strongly suggests that each was fully qualified to conduct a case review. Nevertheless, the record contains no actual evidence of the doctors' qualifications as required by AR 04-1(9).

Accordingly, the Court remands this matter for the ALJ to properly include such qualifications in the record or, preferably, to obtain a new case evaluation by an appropriate medical specialist. *See* 42 U.S.C. § 1382c(a)(3)(I); AR 04-1(9) at 3.

/

**B. ALJ's weighing of the evidence and assessment of the functional-equivalence domains**

Because the Court is remanding this matter to the ALJ for further proceedings, it declines to address Plaintiff's arguments regarding the ALJ's weighing of the medical evidence and the testimony of Plaintiff's mother. Similarly, the Court declines to address the ALJ's evaluations of the six functional-equivalence domains. The Court encourages the ALJ to re-evaluate the medical evidence, Ms. Mendoza's testimony, and the domains in light of any developments on remand.[3]

**C. Remand vs. award of benefits**

Plaintiff urges the Court to reverse for an immediate award of benefits. The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the Court. *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome." *Terry v. Sullivan*, 903 F.2d 1273, 1280

---

[3] The record also contains evidence suggesting that Plaintiff's limitations had significantly improved by October 2014, which the ALJ used to justify a finding of no disability. AR 28. Even if Plaintiff's condition has improved to the point where he is not presently disabled, the ALJ's opinion did not address the possibility that he was disabled – and thus eligible for benefits - in the past. Plaintiff may still be entitled to benefits for a past "closed period" of disability, provided he was disabled for at least twelve months. *See generally Attmore v. Colvin*, 827 F.3d 872 (9th Cir. 2016); 42 U.S.C. § 1382c(a)(3)(C)(i) (a minor is disabled if he experiences a "physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months").

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

(9th Cir. 1990). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595–96 (9th Cir. 2004).

Here, the Court is remanding for additional proceedings due to the ALJ's failure to obtain an evaluation from a relevant specialist or comply with AR 04-1(9). That being the case, it cannot be said that "no useful purpose would be served by future administrative proceedings." *Varney*, 859 F.2d at 1399. Accordingly, the Court declines to remand for the immediate award of benefits.

## VI.   CONCLUSION

For the reasons discussed above, the Court reverses the decision of the ALJ and remands for further proceedings. On remand, the ALJ should "obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist." *Howard*, 341 F.3d at 1014; *see also* 42 U.S.C. 1382c(a)(3)(I). If the ALJ relies on the opinions of any Social Security Administration evaluators, she shall ensure that the record contains each evaluator's qualifications and explain how each evaluation was considered.[4] *See* AR 04-1(9).

/

---

[4] Arguably, the ALJ could satisfy this requirement by simply adding the qualifications of the SSA evaluators to the record. The Court notes, however, that the latest evaluation — performed by Dr. Makari on January 28, 2013, *see* AR 101 — is now five years old. The Court therefore encourages the ALJ to obtain a new case evaluation from a qualified specialist.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART AND DENIED IN PART**; this matter is **REMANDED** to the agency for further proceedings consistent with this Order.
2. The Commissioner's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.
3. The Clerk's Office is to enter **JUDGMENT** in favor of Plaintiff.
4. The case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to file this Order, enter Judgment for the Plaintiff, provide copies to all counsel, and close the file.

**DATED** this ___23rd___ day of March 2018.

          ___ s/Edward F. Shea_____
          EDWARD F. SHEA
          Senior United States District Judge